IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ORTHIA T PORTER,

      Plaintiff,

v.                           CASE NO. 4:17-cv-381-MW-GRJ

WARDEN JOHNSON, et al.,

      Defendants.

_____/

## ORDER AND
## REPORT AND RECOMMENDATION

Plaintiff, an inmate presently confined at Santa Rosa Correctional Institution, initiated this civil action by filing a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983, a motion for leave to proceed as a pauper, and a motion for appointment of counsel.  ECF Nos. 1, 3, 4.  Plaintiff has been granted leave to proceed as a pauper by separate order.

A  federal court is required to conduct an initial screening of a *pro se* complaint to determine whether the action: (1) is frivolous or malicious or fails to state a claim on which relief may be granted, or (2) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e).  A claim is frivolous, and must be dismissed, when it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091,

1100 (11ᵗʰ Cir. 2008). A district court also may dismiss a complaint if the facts as pled do not state a claim for relief that is plausible on its face. *Sinaltrainal v Coca-Cola Co.*, 578 F.3d 1252, 1260 (11ᵗʰ Cir. 2009) (citing *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009)). A *pro se* litigant's allegations are entitled to the benefit of liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." *GJR Investments v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir.1998)(*overruled on other grounds* by *Iqbal).*

Plaintiff's claims stem from events that occurred while Plaintiff was confined at Liberty CI. Plaintiff alleges that in December 2016 he was charged in a disciplinary report for aggravated battery following an altercation among inmate gang members. Plaintiff alleges that he was not involved in the altercation, and that he requested that the surveillance video be produced at his disciplinary hearing. The video was not produced. Plaintiff was convicted and sentenced to 60 days of disciplinary confinement and his ability to earn gain time was reduced from 10 days per month to four days. Plaintiff alleges that his disciplinary conviction

amounts to a violation of his eighth amendment and due process rights. Plaintiff seeks injunctive relief and monetary damages. ECF No. 1.

Federal courts do not operate as appellate courts for prison disciplinary actions. Because, as Plaintiff concedes, he was found guilty of the disciplinary charge, the only viable claim concerning a disciplinary report would be a claim asserting procedural violations, such as the denial of witnesses or evidence or the failure by the prison to give the inmate notice of the disciplinary charge. *Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974); *Bass v. Perrin*, 170 F.3d 1312, 1318 (11th Cir. 1999), *citing Young v. Jones*, 37 F.3d 1457 (11th Cir. 1994)). Even if an inmate alleges such procedural violations, when the inmate has not lost gain-time the resulting punishment imposed must amount to a constitutional violation in order to be cognizable in a civil rights case. *See Sandin v. Connor*, 515 U.S. 472, 484 (1995) (recognizing only two instances in which a prisoner may claim a violation of a constitutionally protected liberty interest: (1) when actions of prison officials have the effect of altering the inmate's term of imprisonment, and (2) where a prison restraint "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.").

Plaintiff has alleged no facts suggesting that his disciplinary confinement amounted to an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *See Sandin*, 515 U.S. at 486 (thirty-day placement in disciplinary confinement was not atypical or significant enough to trigger due process protection); *Rodgers v. Singletary*, 142 F.3d 1252, 1253 (11th Cir. 1998) (disciplinary confinement for two months did not establish deprivation of protected liberty interest). Plaintiff does not have a liberty interest in being free from disciplinary confinement, and he does not allege that he has lost any gain time as a result of his disciplinary conviction, or that his term of imprisonment was altered in any other way. The loss of the ability to earn gain time during his disciplinary confinement is also insufficient to state a claim for relief. The Eleventh Circuit has held that the loss of eligibility to earn incentive gain time under Fla. Admin. Code § 33-601.101(5)(a) does not give rise to a liberty interest that triggers due process protections. *Hartley v. Warden*, 352 Fed. Appx. 368, 2009 WL 3738508 (11th Cir. 2009) (unpublished).[1]

The Court therefore concludes that the Complaint fails to state a

---

[1]Pursuant to 11th Cir. R. 36-2, unpublished opinions are not binding precedent, but may be cited as persuasive authority.

cognizable due process claim with respect to Plaintiff's disciplinary

proceeding.

In light of the foregoing, it is **ORDERED** that Plaintiff's motion for

appointment of counsel, ECF No. 4, is **MOOT.**

It is respectfully **RECOMMENDED** that this case be **DISMISSED**

pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon

which relief may be granted.

**IN CHAMBERS**  this 29th day of August 2017.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**